D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**URIEL SHLUSH-REYNA, on behalf of themself and others similarly situated,**

         **Plaintiff,**

     **v.**

**417 THROOP BAR, LLC d/b/a THE COYOTE CLUB, 36 WYCKOFF LLC, d/b/a CAROUSEL, MYRTLE VILLAGE LLC, d/b/a BIRDY'S, ANDRES SIMMONS, and HOLLY (MACGIBBON) SIMMONS,**

         **Defendants.**
-----------------------------------------------------------x

CASE NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff alleges as follows:

### INTRODUCTION

1. Plaintiff Uriel Shlush-Reyna hereby brings this complaint against Defendants to recover, minimum wage compensation, and statutory penalties for themself and similarly situated service workers ("Service Workers") who work or have worked at any of Defendants' Brooklyn Night Clubs – The Coyote Club, Carousel and Birdy's (collectively, the "Clubs") –within six years of the filing of this action.

2. Owned and operated in full all or in part by Andres and Holly Simmons, the Clubs are in the Bushwick neighborhood and provide food and drink for tourists and locals alike.

3. The Clubs are centrally controlled by Defendants Andres and Holly Simmons who partly own, manage, and oversee operations at all the Clubs.

4. Importantly, the Services Workers perform the same basic job duties, are subject to the same employment policies, practices and procedures, and are directed and/or permitted by Defendants to perform work at all locations without retraining.

5. Plaintiff brings this action on behalf of themselves and all similarly situated current and former Service Workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, specifically the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA by that have deprived Plaintiff, and other similarly situated employees, of their lawfully earned wages.

6. Plaintiff also brings this action on behalf of themself, and all similarly situated current and former Service Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

9. Defendant 417 Throop Bar, LLC is a New York limited liability company that owns and operates The Coyote Club located in Brooklyn, NY.

10. The Coyote Club has an annual gross volume of sales in excess of $500,000.

11. Defendant 36 Wyckoff LLC is a New York Corporation that owns and operates Carousel located in Brooklyn, NY.

12. Carousel has an annual gross volume of sales in excess of $500,000.

13. Defendant Myrtle Village LLC is a New York limited liability company that owns and operates Birdy's located in Brooklyn, NY

14. Birdy's has an annual gross volume of sales in excess of $500,000.

15. Defendant Andres Simmons is an owner and operator of the Clubs. Defendant Andres Simmons makes hiring and firing decisions at all the locations. He was personally involved in Plaintiff's hiring, firing and disciplinary issues. He was also personally involved in setting their pay.

16. Mr. Simmons is listed with the New York State Liquor Authority as a principal of the Birdy's and Carousel.

17. Defendant Holly Simmons is an owner and operator of the Clubs. Defendant Holly Simmons makes hiring and firing decisions at all the locations. She was personally involved in Plaintiff's hiring, firing and disciplinary issues. She was also personally involved in setting their pay.

18. Ms. Simmons is listed with New York State Liquor Authority as a principal of the Coyote Club and Carousel.

19. Andres and Holly Simmons regularly appear in public interviews as owners and operators of Birdy's, the Coyote Club and Carousel.

20. Plaintiff worked for Defendants as a bartender, regularly at The Coyote Club and Carousel and occasionally at Birdy's, since 2019.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Service Workers that Defendants employed at The Coyote Club on or after the date that is three years before the filing of the Original Complaint in this case as defined here ("FLSA Collective Plaintiffs").

22. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them the legally required minimum wage for all hours worked in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

23. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

24. Plaintiff brings the Second and Third Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all of Service Workers that Defendants employed at any of the Clubs on or after the date that is six years before the filing of this Complaint (the "Class Period").

25. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

26. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

27. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to provide written notice of the tip credit, failing to pay minimum wages owed, failing to pay all compensation owed, failing to pay the spread of hours premium, and failing to provide written wage notices and pay statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class

members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

28.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented and/or currently represent plaintiffs in wage and hour cases.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30.   Upon information and belief, Defendants and other employers throughout the region violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

31.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

    a)  Whether Defendants employed Plaintiff and the Class members within the meaning of New York law.

    b)  At what common rate, or rates subject to common methods of calculation, were and is Defendants required to pay Plaintiff and the Class members for their work.

    c)  Whether Defendants paid Plaintiff and the Class members the appropriate minimum wage for all hours worked.

    d)  Whether Defendants provided written notice of the tip credit to Plaintiff and the Class members.

    e)  Whether Defendants paid Plaintiffs and the Class members the spread of hours premium on days in which they worked for more than 10 hours.

    f)  Whether Defendants issued adequate and lawful written wage notices to Plaintiffs and the Class members.

g) Whether Defendants issued adequate and lawful written pay statements to Plaintiffs and the Class members.

## FACTS

32. Plaintiff's consent to sue form is attached hereto as Exhibit A.

33. Defendants committed the foregoing acts willfully, and against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

34. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL as described herein.

35. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff as described below.

36. Plaintiff has worked for Defendants since 2019.

37. Since 2019, Plaintiff has regularly worked 2 shifts, Saturdays and Sundays, at the Coyote Club.

38. Plaintiff's Saturday shifts last from 7:00 p.m. to at least 2:00 a.m.

39. Plaintiff's Sunday shifts last from 1:00 p.m. to at least 9:00 p.m.

40. Plaintiff was paid $50 per shift, which is less than the federal and state minimum wages.

41. Starting in 2023, Plaintiff began to work 2 shifts per week at Carousel.

42. Plaintiff was paid $10 per hour in 2023 and $10.65 per hour in 2024 for their work at Carousel.

43. This is amount was less than the relevant New York Minimum wage.

44. Defendants were not entitled to pay Plaintiff pursuant to any tip credits because they did not give them proper notice of the tip credit.

45. Plaintiff occasionally worked at Birdy's throughout their employment.

46. Plaintiff was paid less than the state minimum wages when they worked at Birdy's.

47. Plaintiff did not receive a proper notice and acknowledgement of payrate and payday when they began working for Defendants. By hiding from Plaintiff their appropriate rate of pay, Defendants were able to pay Plaintiff less than the legally required amounts. Had Plaintiff received the appropriate disclosures, they would have sought to recover their unpaid wages sooner.

48. Similarly, Defendants did not give Plaintiff any wage statements for their time worked at the Coyote Club. When Plaintiff worked at Birdy's they also did not receive wage statement that contained all the required information, such as that Defendants were applying a tip credit to their weekly wages. As a result, (a) Plaintiff was not aware of the full pay to which she was legally entitled, and (b) Defendants were able to continue paying them not in accordance with the law. Had Plaintiff received the required information, they would have sought to recover their unpaid wages sooner.

49. Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective, and the Class.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Violations, 29 U.S.C. § 206**
**Brought by Plaintiff on Behalf of Themself**
**and the FLSA Collective Plaintiffs**

50. Plaintiff, on behalf of themself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

51. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

52. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and the FLSA Collective Plaintiffs the full minimum wage, and willfully failing to keep records required by the FLSA even though Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to minimum wage.

53. Plaintiff, on behalf of themself and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York State Minimum Wage, Violation N.Y. Lab. L. §§ 650
### Brought by Plaintiff on Behalf of Themself and the Class

54. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

55. Defendants knowingly failed to pay Plaintiff, and all service workers, the full New York State minimum wage for all hours worked.

56. As a result of Defendants' willful unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees663.

## THIRD CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### Brought by Plaintiff on Behalf of Themself and the Class

57. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58. Defendants did not provide Plaintiff and the members of the Class with the wage notices/wage statements required by N.Y. Lab. Law § 195.

59. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themself and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. An award of damages, according to proof, including compensatory damages, liquidated damages, and punitive damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and NYLL claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23;

E. Designation of Plaintiff as Representative of the Class;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
September 27, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: __*s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.